PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP -2  PM 2:45

S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARKADIY TERPUNOV,

               Plaintiff,

    -against-

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,

               Defendant.
-----------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO MOTION
TO WITHDRAW AS COUNSEL
19-cv-11317-LAP**

The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312


Dear Judge Preska,

Pursuant to Paragraph 1(A) of this Court's Individual Rules and Practices and Local Rule
1.4, Plaintiff writes to respond to the August 12, 2021 motion to withdraw as counsel submitted by
Stewart Lee Karlin Law Group, P.C. (hereinafter "SLKG"). The purpose of this letter is to provide the
Court with background information, present facts, explain Plaintiff's position on this matter and to
respectfully ask the Court to take appropriate action that is just and fair.


Background

On June 7 2019, I sent an email to SLKG, summarizing the scope and objectives of their
representation, including expectations of the recovery amount and fees [Exhibit A]. I hired the firm
a week later. On February 11, 2021, after many months of delays due to the COVID-19 pandemic
and temporal unavailability of key people, discovery schedule was approved. By May 21 2021, the
first round of discovery exchange was completed. The Defendant (Health and Hospitals
Corporation) produced only a few documents they knew I already had and objected to all other
requests. I expressed my concern over Defendant's uncooperative conduct to SLKG and asked my
attorney to follow up on the missing discovery. On May 25th 2021, the SLKG informed me that they
would be withdrawing from the case immediately unless I agreed to mediate and settle the case
[Exhibit B]. The email stated that if I did not oppose their withdrawal, they would only keep the
retainer fee and waive all other costs. If I opposed, I would lose the retainer fee and "[they] will
pursue both a retaining and charging lien." Having been unexpectedly faced with having to pay fees
and being unrepresented, I decided to proceed with SLKG's advice and agreed to mediation that
took place on June 24th 2021. On August 4th, 2021, after not hearing from SLKG for over a month, I

1

PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP

sent them an email inquiring about discovery status and offering help in preparing required documentation. On August 5th, 2021, SLKG sent me an email stating "[they] will be filing the motion to withdraw next week" which they did on August 12, 2021 [Exhibit C].

Plaintiff's Position

S.D.N.Y. local rules require that counsel seeking to withdraw demonstrate "satisfactory reasons for withdrawal". "[W]hen considering whether to grant a motion to withdraw under Rule 1.4, courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Winkfield v. Kirschenbaum & Phillips, P.C., No. 12 CIV. 7424 JMF, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). SLKG's motion is short of the specificity or assurances necessary to demonstrate that there are satisfactory reasons for their withdrawal. The motion also fails to address negative consequences of their withdrawal, such as possible further delays and disruption of the case proceedings. As a client of SLKG, I acted in full complacence with our initial agreements and commitments [specifically to the merits of the case, potential recovery and legal fees], met the withdrawal conditions set forward by the firm, followed their legal advice and promptly responded to their communication. On many occasions, I offered help and proactively provided essential pieces of information directly related to my claims [Exhibit D]. These facts do not support SLKG contention that there was "an inability to communicate". SLKG unexpectedly threatened to withdraw unless I agreed to mediate and settle the case, continued their representation throughout mediation meeting and filed their motion only after I rejected a settlement offer.[1]

As such, there is a genuine issue of fact as to whether SLKG's stated reasons for withdrawal are in fact satisfactory.

Over two years has passed since this lawsuit was commenced, yet SLKG has been unable to collect key discovery items from the Defendant or made any serious effort to do so. No depositions have been taken or planned. The Plaintiff file the SLKG sets the retaining and charging lien against consists entirely of the documentation I collected prior to hiring the firm making SLKG contribution minimal at best. SLKG's inability to obtain and lack of diligence in pursuing required discovery may hinder my right to discoverable information and limit my ability to prove my claims.[2]

As such, there is a genuine issue of fact as to the amount and quality of work performed by SLKG.

---

[1] "The mere fact that clients refuse to accept a settlement recommended by the attorney is not ground for his withdrawal." BORUP v. NATIONAL AIRLINES 159 F.Supp. 808 (S.D.N.Y. 1958)
"Under New York law, the refusal of a client to accept a settlement offer is not good and sufficient cause for the withdrawal of an attorney." Marrero v. Christiano, 575 F.Supp. 837, 839 (S.D.N.Y. 1983)
[2] See S.D.N.Y. Discovery Guide ("Discovery is the process through which the parties exchange information that may be helpful to prove their claims or defenses.")

PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP

Fees

SLKG is not entitled to any legal fees, including the retainer fee and the retaining and charging lien. The fees in question allowed only when the attorney has justifiable cause for withdrawing.[3] The facts presented here do not support SLKG's position that their reasons for withdrawal are satisfactory or that they are entitled to the fees they claim:

1. I have had a perfect communication record with my attorneys.
2. I acted in full compliance with our earlier agreements, commitments, and expectations.
3. I followed SLKG's legal advice, only leaving settlement decision to my discretion.[4]
4. I had no obligation to pay SLKG any fees in the event of their voluntary withdrawal.
5. SLKG threatened to withdraw [on unfavorable terms] if I did not agree to settle the case allowing me only 24 hours to make a decision.[5]
6. SLKG voluntarily withdrew from representation, even though I complied with their demands.
7. SLKG voluntarily waived both a retaining and charging lien under conditions that were met.
8. SLKG defaulted on their original commitments for scope and terms of their representation. They abandoned me after I rejected the settlement offer.

As such, there is a genuine issue of fact as to whether SLKG is entitled to any fees.


Pursuant to Federal Rule of Civil Procedure 60(b), I respectfully ask the Court to consider new information in this matter and take appropriate action that is just and fair.


DATE: August 26, 2021

Respectfully submitted,
ARKADIY TERPUNOV

Plaintiff
1810 Ave N Apt 4E
Brooklyn, NY 11230
(646) 714-1610
nyrusman@yahoo.com

---

[3] "[If] an attorney has no justifiable cause for withdrawal from a case he loses his right to a fee when he withdraws." BORUP v. NATIONAL AIRLINES 159 F.Supp. 808 (S.D.N.Y. 1958)
[4] See N.Y. Rules of Prof. Conduct, Rule 1.2(a) ("A lawyer shall abide by a client's decision whether to settle a matter.").
[5] "[I]nterference with a client's right to settle can constitute misconduct sufficient to warrant discharge for cause and forfeiture of legal fees." DEPTULA v. ROSEN (S.D.N.Y. October 16, 2020)

3

**EXHIBITS TO PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP**

**EXHIBIT A**

**HHC Case**

ryrusman@yahoo.com
for dan@stewartkarln.com

**2 Files**   666.1kB

Dan, Good Morning!

███████████████████████████████████████████████████████████████

I am actively looking for the right people to take my case. Based on our conversation yesterday, it seems we are on the same page in regards to how to approach this case, the conditions of our cooperation and expectations of future reward. I would like to summarize them (high level) below and let you get back to me at your earliest convenience.

A.   We are aiming at 2 years pay as an acceptable settlement (1 year back pay + 1 year front pay)
B.   If the other side does not wish to settle (as outlined in A) we are going to trial
C.   Your contingency fee is $3,000 retainer as part of 1/3 of the recovery amount

███████████████████████████████████████████████████████████████

Thanks
Arkadiy

**EXHIBITS TO PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP**

## EXHIBIT B (1 of 2)

### Motion to Withdraw as Counsel

**Daniel Dugan** ‹dan@stewartkarlin.com›                                    May 25 at 3:25 PM
To: AT ‹nyrusman@yahoo.com›                                                 Print   Raw message
Cc: Stewart Karlin ‹slk@stewartkarlin.com›

Mr. Terpunov

This shall confirm our conversation from this afternoon that you understand that we will be making a motion to withdraw as your counsel. You stated that you would not be opposing our motion to withdraw. If this is incorrect, please let me know immediately.

--
Regards,

Daniel E. Dugan, Esq.
Stewart Lee Karlin Law Group, P.C.
111 John Street, 22nd Floor
New York, New York  10038
(212) 792-9670/Office
(212) 732-4443/Fax

---

### Re: Withdrawal

**Daniel Dugan** ‹dan@stewartkarlin.com›                                    May 25 at 4:31 PM
To: AT ‹nyrusman@yahoo.com›                                                 Print   Raw message
Cc: Stewart Karlin ‹slk@stewartkarlin.com›

Mr. Terpunov

1. You are not entitled to a refund of the retainer fee. We have expended at least 40 hours of work on your case, plus approximately $700 in costs. If the motion is unopposed we are waiving approximately $700 in costs to which we are entitled and waiving any retaining and charging lien we would be entitled to. If you oppose the motion we will pursue both a retaining and charging lien.

2. If you do not oppose the motion you will not be required to take any action at this time. The Court will issue an order, which we will send to you, indicating the amount of time the case will be stayed to obtain new counsel or proceed pro se at the conclusion of the stay.

3. It is up to you how explain the withdrawal to new counsel. If the motion is unopposed we will explain to any new counsel only that irreconcilable differences necessitated our withdrawal, unless you direct us otherwise.

Please confirm that you understand that we will be making a motion to withdraw as counsel and you are not opposing our request.

Thank you,

Daniel Dugan

On Tue, May 25, 2021 at 4:00 PM AT ‹nyrusman@yahoo.com› wrote:

Dan,

Please advise on several topics before you send me your withdrawal email request. You may need to add these to the body of the withdrawal email.

1. I need my $3,000 paid back to me as part of this withdrawal
2. I need to understand (please provide that in writing) if I am required to take any action after this withdrawal is submitted to court
3. When I start searching for a new counsel how should I phase/explain this withdrawal action to them? we have to agree on this

**EXHIBITS TO PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP**

**EXHIBIT B (2 of 2)**

## Re: Mediation

**Daniel Dugan** <dan@stewartkarlin.com>
To: AT <myrusman@yahoo.com>
Cc: Stewart Karlin <sik@stewartkarlin.com>

May 26 at 12:08 PM

Print   Raw message

Please let me know by 3pm Today if you authorize us to make a demand of ▉▉▉ to settle your case at mediation. As we have stressed, it is ultimately your case and your decision. If you choose not to authorize the demand of ▉▉▉ at this time we will make our motion to be removed as counsel and you can proceed with your case.

Please let me know by 3pm.

-Daniel Dugan

**EXHIBITS TO PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP**

**EXHIBIT C (1 of 2)**

### Next Steps

nyrusman@yahoo.../Sent

**AT** <nyrusman@yahoo.com>                                      Aug 4 at 3:43 PM
To: Stewart L. Karlin <slk@stewartkarlin.com >,                 Print   Raw message
Daniel Dugan <dan@stewartkarlin.com>

**1 File**   72.3kB



HHC-AT-Cas...
Download

Stewart, Good Afternoon!

Can you please let me know where we are in the case, including discovery? We have to obtain all required discovery and engage in preparation of interrogatories, requests for admission, additional production requests and follow ups. The discovery we'll obtain should persuade the defendant to settle for a reasonable amount. If defendant continues non cooperative behavior we should file a motion to compel.

As I have asked Dan in the past, I need to see [review and approve] all documentation before it is sent out on my behalf and see all case documents that come in from all sources.

I look forward to hear from you so I am properly represented and my case moves along in the right direction [HHC-AT-Case-Notes.zip]

Thanks

Arkadiy

### Re: Next Steps

**Daniel Dugan** <dan@stewartkarlin.com>                        Aug 5 at 11:57 AM
To: AT <nyrusman@yahoo.com>
Cc: Stewart L. Karlin <slk@stewartkarlin.com>                   Print   Raw message

Mr. Terpunov,

As we explained to you previously, we will be withdrawing as counsel from your case. We will be filing the motion to withdraw next week and will provide you with a copy at that time.

-Daniel Dugan

**EXHIBITS TO PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP**

**EXHIBIT C (2 of 2)**

## Motion to Withdraw as Counsel

nyrusman@yahoo...he

**Daniel Dugan** <dan@stewartkarlin.com>
To: AT <nyrusman@yahoo.com>
Cc: Stewart Karlin <slk@stewartkarlin.com>

Aug 12 at 5:11 PM

Print   Raw message

**2 Files**   285.8kB   Download All

21-main.pdf   21-1.pdf
Download   Download

Mr. Terpunov,

Attached please find our firm's motion to withdraw as your counsel, filed in Court Today.  A hard copy has also been sent via first-class mail. We will pass along any order issued by Judge Preska in regards to this motion.  Thank you.

--
Regards,

Daniel E. Dugan, Esq.
Stewart Lee Karlin Law Group, P.C.
111 John Street, 22nd Floor
New York, New York  10038
(212) 792-9670/Office
(844) 636-1021/Fax

**EXHIBITS TO PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL 19-cv-11317-LAP**

## EXHIBIT D

| | | | | |
|---|---|---|---|---|
| ☐ | Daniel Dugan | Motion to Withdraw as Counsel | 🔗 | Aug 12 🗑 |
| ☐ | Daniel Dugan | Re: Next Steps | | Aug 5 🗑 |
| ☐ ↰ | Daniel Dugan | Mediation | | Jun 23 🗑 |
| ☐ ↰ | Daniel Dugan | Re: Settlement | 🔗 | Jun 22 🗑 |
| ☐ ↰ | Daniel Dugan | Fwd: Mediation in Terpunov Case 6/24 Commencing at 10:30 AM | | Jun 21 🗑 |
| ☐ ↰ | Daniel Dugan | Re: Settlement | | Jun 9 🗑 |
| ☐ ↰ | Daniel Dugan | Re: Settlement | | Jun 8 🗑 |
| ☐ | Stewart L. Karlin | Re: Settlement | | Jun 7 🗑 |
| ☐ ↰ | Daniel Dugan | Settlement | | Jun 3 🗑 |
| ☐ | Daniel Dugan | Re: 5/21/21 Discovery Responses | 🔗 | May 27 🗑 |
| ☐ ↰ | Daniel Dugan | Re: Mediation | | May 26 🗑 |
| ☐ ↰ | Daniel Dugan | Re: Withdrawal | | May 25 🗑 |
| ☐ ↰ | Daniel Dugan | Motion to Withdraw as Counsel | | May 25 🗑 |
| ☐ ↰ | Daniel Dugan | Re: Discovery Exchange | 🔗 | May 21 🗑 |
| ☐ ↰ | Daniel Dugan | Re: Discovery Exchange | 🔗 | May 20 🗑 |
| ☐ | Daniel Dugan | Re: Discovery Exchange | | May 19 🗑 |

### Re: Def.'s Discovery Demands

AT ⟨⟩
To: Daniel Dugan ⟨⟩                                        Apr 9 at 3:10 PM

**1 File**   5.1MB

Job Search R...

Dan, Good Afternoon!

Attached please find Job Search Records requested. This info is as of 04/09/21 2.51 pm. The file names are self-explanatory. I'll try to send out the rest on Monday and promise to have all material ready by Tuesday. I will then take care of any follow ups from you and do it quickly.

Separately, I was curious to know when we'll have our turn to request discovery from HHC. I can be a great help in identifying, requesting, explaining and verifying all required discovery.