PLAINTIFF'S RESPONSE TO COUNSEL'S LETTER    19-cv-11317-LAP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARKADIY TERPUNOV,

                    Plaintiff,

          -against-                                          19-cv-11317-LAP

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,

                    Defendant.
-----------------------------------------------------------------X

The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312


          **Re: Terpunov v. New York City Health and Hospitals Corporation 19-cv-11317 (LAP)**


Dear Judge Preska,

I am writing in response to Mr. Dugan's letter dated October 1, 2021 (Dckt. No. 29) and Your Honor's Order dated September 7, 2021, allowing Plaintiff to file a response (Dckt. No. 26).


As an initial matter, Mr. Dugan did not provide any evidence to support his claims and made several inaccurate misleading statements that require clarification:

The evidence I presented in my response does not support Mr. Dugan's claim that we engaged in "lengthy and numerous discussions" regarding the strategy for litigation or the value and strength of the case. Instead, on May 25, 2021, during a twelve minute phone conversation, SLK Law Group unexpectedly threatened to withdraw unless I agreed to settle the case at mediation [EXHIBIT E]. I complied with all their demands by May 26, 2021 [EXHIBIT F] at which time our positions were aligned. In the following few weeks we only exchanged emails in regards to mediation schedule and the mediation brief.  Finally, contrary to Mr. Dugan's claim of "further discussions" post June 24, 2021 mediation (Dugan Declaration Item 14), the SLK Law Group and I did not have any communication from June 25, 2021 until August 5, 2021 at which time they reaffirmed their withdrawal plans.[1]

---

[1] Please see Terpunov 08/26/21 letter [Exhibit C] for the entire record of 6/25/21-8/12/21 communication.

1

PLAINTIFF'S RESPONSE TO COUNSEL'S LETTER    19-cv-11317-LAP

The evidence I presented in my response does not support Mr. Dugan's claim that I changed my demand during mediation (Dugan Declaration Item 13). Instead, after reviewing the mediation brief, I found several misstatements, including the fact that the brief erroneously stated I asked for a "neutral reference" which implicitly meant I was no longer pursuing reinstatement. I immediately asked Mr. Dugan to remove this statement and indicate the revision was done only to the monetary part of the demand, leaving reinstatement as a viable option [EXHIBIT G]. This action occurred on June 16, 2021, approximately eight days before mediation. The mediation took place on June 24, 2021 [EXHIBIT H], not July 9, 2021, as was stated by Mr. Dugan (Dugan Declaration Items 12-15). During mediation, I reiterated my desire to be reinstated and pledged to lower my monetary demand even further if the Defendant agreed to reinstatement.

On May 21, 2021, as part of the first round of discovery exchange, the Defendant produced only a few documents that had been already in our possession. A good example is the 103 page HHC Personnel Rules and Regulations document that is publicly available online [EXHIBIT I]. As such, Mr. Dugan did not have any new information that could have made him change his mind about case strategy or merits of the case. Rather, the fact that the Defendant did not produce any requested items directly related to my claims hindered our ability to objectively evaluate the case.

I maintain that I followed SLK Law Group's legal advice, only leaving settlement decision to my discretion. SLK Law Group unexpectedly threatened to withdraw unless I agreed to mediate and settle the case, continued their representation throughout mediation meeting and filed their motion only after I rejected a settlement offer. Under contingency agreement, I had no obligation to pay SLK Law Group any fees in the event of their withdrawal. The $3,000 retainer fee was paid on condition that the SLK Law Group would see the matter all the way to either an accepted settlement or a final judgment.  Neither event has occurred. As such, the SLK Law Group is not entitled to $3,000 retainer fee.

I have been actively looking for a new counsel since August 17, 2021. However, many law firms chose to wait for the final judgment on this motion before they could evaluate my case and make a representation decision. Thus, it is respectfully requested that the undersigned has additional 30 days post final judgment date to retain a new counsel.

DATE: October 06, 2021

Respectfully submitted,
ARKADIY TERPUNOV

Plaintiff
1810 Ave N Apt 4E
Brooklyn, NY 11230
(646) 714-1610
nyrusman@yahoo.com

PLAINTIFF'S DECLARATION 19-cv-11317-LAP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARKADIY TERPUNOV,

                Plaintiff,

         -against-

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,

                Defendant.
-----------------------------------------------------------------X

**PLAINTIFF'S DECLARATION**
19-cv-11317-LAP

**ARKADIY TERPUNOV,** states under the penalties of perjury the following:

1. I am the Plaintiff in the above mentioned case and, as such, am fully familiar with the facts and circumstances of this matter.

2. I make this Declaration in support of my response to the motion to withdraw filed with United States District Court (S.D.N.Y.) by DANIEL E. DUGAN on August 12, 2021 and his recent filing made with the Court on October 1, 2021.

3. I maintained contact with the Stewart Lee Karlin Law Group, P.C. (hereinafter referred to as "SLK Law Group") at all times, responded promptly to their requests for information, offered help, proactively collected and prepared related documentation and acted in full compliance with previous agreements and commitments.

4. SLK Law Group has voluntarily waived both a charging and retaining lien under conditions that were met. Conditions set forward for keeping the retainer fee have not been met.

5. On May 25, 2021, during a twelve minute phone conversation, Mr. Dugan stated in substance that he would file a motion to withdraw unless I settled the case at mediation allowing me only 24 hours to make a decision.

6. On May 26, 2021, I agreed to mediation and authorized a revised monetary settlement demand suggested by Mr. Dugan. I stayed committed to this monetary demand leaving reinstatement option intact, in line with our last demand made for the November 23, 2020 mandatory mediation.

7. On June 9, 2021 the mediation was confirmed to be held via videoconference on June 24 2021, at10 am.

PLAINTIFF'S DECLARATION 19-cv-11317-LAP

8. On June 15, 2021, I sent Mr. Dugan a follow up email in regards to my June 7, 2021 request to see mediation brief, which he only sent to me on June 16, 2016.  The same day, I reviewed the brief and found several misstatements that I asked Mr. Dugan to fix. I also asked him to communicate the changes to the mediator. The changes I requested clearly indicated that we only had adjusted our monetary demand leaving reinstatement as a viable option. All this had been done on June 16, 2021, approximately eight days before mediation meeting.

9. On June 24, 2021, during mediation, I reiterated my desire to be reinstated and pledged to lower my monetary demand even further if the Defendant agreed to reinstatement. The Defendant ruled out reinstatement and refused to consider any other non-monetary options. The Defendant also did not raise their pre-mediation monetary counter offer.

I acted in good faith during mediation meeting, followed through on my previous commitments and was willing to compromise. However, in spite of all these efforts, this action did not settle at the June 24, 2021 mediation.

10. SLK Law Group and I did not have any communication from June 25, 2021 until August 4-5, 2021 at which time they reaffirmed their withdrawal plans.

11. On August 4, 2021, after not hearing from SLK Law Group for over a month, I sent them an email inquiring about discovery status and offering help in preparing required documentation. On August 5, 2021, Mr. Dugan sent me an email stating "[they] will be filing the motion to withdraw next week" which they did on August 12, 2021.

12. I followed SLK Law Group's legal advice, only leaving settlement decision to my discretion.

WHEREFORE, the undersigned respectfully requests this Court to review the facts of this matter and take action that is appropriate, just and fair.

**THE FOREGOING STATEMENT IS TRUE AND CORRECT UNDER THE PENALTIES OF PERJURY THIS 6th DAY OF October, 2021**

ARKADIY TERPUNOV

Plaintiff
1810 Ave N Apt 4E
Brooklyn, NY 11230
(646) 714-1610
nyrusman@yahoo.com

**EXHIBITS TO PLAINTIFF'S RESPONSE 19-cv-11317-LAP**

## EXHIBIT E



Device:                                              Billing period:

ARKADIY A. TERPUNOV | 646 714 1610      ⇕      **Previously Billed Usage**   May 25 2021 – Jun 24 2021 ⇕

View details by:   Talk ⇕

Show:   • Nicknames    Numbers   Nickname a number   Manage contacts          Search by:  Date ⌄   Ex: mm/dd/yyyy

| Date / Time ▲ | | Contact | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 05/25/2021 | 02:45PM | 212 792 9870 | New York, NY | SDDV | 2 | 0.00 |
| 05/25/2021 | 03:06PM | 212 792 9570 | Incoming, CL | SDDV | 12 | 0.00 |

### Motion to Withdraw as Counsel

**Daniel Dugan**                                                   May 25 at 3:25 PM

AT <nyrusman@yahoo.com>                                Print   Raw message

Stewart Karlin <sjk@stewartkarlin.com>

Mr Terpunov

This shall confirm our conversation from this afternoon that you understand that we will be making a motion to withdraw as your counsel. You stated that you would not be opposing our motion to withdraw. If this is incorrect, please let me know immediately.

### Re: Mediation                                                   nyrusman@yahoo.../bhd

**Daniel Dugan** <dan@stewartkarlin.com>                May 25 at 12:08 PM
To: AT <nyrusman@yahoo.com>
Cc: Stewart Karlin <sjk@stewartkarlin.com>                Print   Raw message

Please let me know by 3pm Today if you authorize us to make a demand of ▮▮▮ to settle your case at mediation. As we have stressed, it is ultimately your case and your decision. If you choose not to authorize the demand of ▮▮▮ at this time we will make our motion to be removed as counsel and you can proceed with your case.

Please let me know by 3pm.

-Daniel Dugan

**EXHIBITS TO PLAINTIFF'S RESPONSE 19-cv-11317-LAP**

## EXHIBIT F

**Re: Mediation**                                                                 nyrusman@yahoo.../Sent

**AT** <nyrusman@yahoo.com>                                                        May 26 at 12:46 PM
To: Daniel Dugan <dan@stewartkarlin.com>                                          Print  Raw message
Cc: Stewart Karlin <sk@stewartkarlin.com>

I authorize to make a demand of $███████

Thanks

> On Wednesday, May 26, 2021, 12:08:35 PM EDT, Daniel Dugan <dan@stewartkarlin.com> wrote:
>
> Thank you for getting back to us. However, as we stated in our previous telephone conversation, for us to continue our representation for purposes of bringing this case to a mediation you would need to authorize a settlement demand of $████████
>
> ████████████████████████████████████████████████
>
> Please let me know by 3pm Today if you authorize us to make a demand of $█████ settle your case at mediation. As we have stressed, it is ultimately your case and your decision. If you choose not to authorize the demand of $█████ at this time we will make our motion to be removed as counsel and you can proceed with your case.
>
> Please let me know by 3pm.
>
> -Daniel Dugan
>
>> On Wed, May 26, 2021 at 10:25 AM AT <nyrusman@yahoo.com> wrote:
>>
>> Good Morning!
>>
>> I think I should take your advice and try mediation  Can we please start with $█████ monetary demand instead? I guarantee I'll come down in this demand during our mediation meeting, but I think $███ is a more reasonable starting point at this time being
>>
>> ████████████████████████
>>
>> Please send me an email for the mediation meeting. I'll check back at my yahoo account around 1 pm to sign off on that email, so we could move forward.

EXHIBITS TO PLAINTIFF'S RESPONSE 19-cv-11317-LAP

## EXHIBIT G (1 of 2)

### Re: Settlement

 **Daniel Dugan** <dan@stewartkarlin.com>
To: AT <nyrusman@yahoo.com>
Cc: Stewart L. Karlin <slk@stewartkarlin.com>

Jun 16 at 1:31 PM

**1 File**   104.4kB

Terpunov v. ...
Download

A copy of the confidential mediation statement is attached. Discovery was stayed upon the referral to mediation.

-Dan

**EXHIBITS TO PLAINTIFF'S RESPONSE 19-cv-11317-LAP**

## EXHIBIT G (2 of 2)

**AT** <nyrusman@yahoo.com>                                                     Jun 16 at 3:47 PM
To: Stewart L. Karlin <slk@stewartkarlin.com>                                   Print  Raw message
Cc: Daniel Dugan <dan@stewartkarlin.com>

**1 File**    209.4kB

Mediation_B...
Download

Stewart,

Please ask Dan to make changes to the mediation brief and resend this revised document to Mr. Stephen A. Marshall. I assume it should be no later than Friday morning. Please forward me this revised copy at your earliest convenience.

Thanks

The MS Word attachment **Mediation_Brief_Changes.docx** contained the following request:

Needed To be updated:

**We had our first mandatory mediation on November 23 2020, not August 24, 2020**

**Status of Settlement Negotiations**

On April 24, 2020, Plaintiff made an initial settlement to Defendant of reinstatement (w retroactive benefits, seniority, scheduled raises) and $▮▮▮▮▮  The parties proceeded to mediation on August 24, 2020 and were unable to reach an agreement.  The parties engaged in discovery and have exchanged document production responses.

**I never mentioned "neutral reference" to you or anyone else. It was never part of any demand I ever made. These words have to be removed.**

**The first sentence should read:**

On June 3, 2021, Plaintiff made a revised monetary settlement demand of $▮▮▮▮.

On June 3, 2021, Plaintiff made a revised settlement demand of $▮▮▮▮ with a neutral reference to Defendant.  Defendant has countered with $▮▮▮ and the assertion that Defendant would follow its policy to provide only titles held and dates of employment to private employers.

EXHIBITS TO PLAINTIFF'S RESPONSE 19-cv-11317-LAP

**EXHIBIT H**

## Re: Settlement

nyrusman@yahoo...hc

**Daniel Dugan** <dan@stewartkarlin.com>
To: AT <nyrusman@yahoo.com>
Cc: Stewart L. Karlin <slk@stewartkarlin.com>

Jun 9 at 10:38 AM
Print   Raw message

It is confirmed that the mediation will go forward on 6/24 via videoconference at 10am.

-Dan

On Tue, Jun 8, 2021 at 10:50 AM AT <nyrusman@yahoo.com> wrote:

6/24 is fine. Thanks.

On Tuesday, June 8, 2021, 10:29:12 AM EDT, Daniel Dugan <dan@stewartkarlin.com> wrote:

Mr. Terpunov,

Following up on the voicemail I left for you this morning, please let me know today if you are available on 6/24 for the mediation.  It would begin at 10am and you will need to be available all day.

-Dan

## Fwd: Mediation in Terpunov Case 6/24 Commencing at 10:30 AM

nyrusman@yahoo...hc

**Daniel Dugan** <dan@stewartkarlin.com>
To: AT <nyrusman@yahoo.com>
Cc: Stewart Karlin <slk@stewartkarlin.com>

Jun 21 at 9:35 AM
Print   Raw message

See below for the zoom link for Thursday's mediation session.  Please confirm receipt.

-Dan



FIRST MEDIATION CONFERENCE. Mediation Conference scheduled for 6/24/2021 at 10:00 AM through video conference.(ah)

**EXHIBITS TO PLAINTIFF'S RESPONSE 19-cv-11317-LAP**

## **EXHIBIT I**

New York City Health and Hospitals Corporation Personnel Rules and Regulations





https://ess.nychhc.org/uploads/PersonnelRuleandRegs_opt.pdf

**Re: Terpunov v. New York City Health and Hospitals Corporation 19-cv-11317 (LAP)**

Dear Members of the Intake Unit,

This package is addressed to:

The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

This package is a response to a **sealed *ex parte*** 10/01/21 filing made by Mr. Dugan (ESQ).  (Dckt. No. 29). To maintain **sealed *ex parte*** integrity of these filings, I am asking to file my response as **sealed *ex parte***.

This package includes three files:

PLAINTIFF'S RESPONSE TO COUNSEL'S LETTER (2 pages)
PLAINTIFF'S DECLARATION (2 pages)
EXHIBITS TO PLAINTIFF'S RESPONSE (6 pages)

Thank you,

ARKADIY TERPUNOV
1810 Ave N Apt 4E
Brooklyn, NY 11230
(646) 714-1610
nyrusman@yahoo.com

RECEIVED
SDNY PRO SE OFFICE
2021 OCT -8  PM 2:39

Arkadiy terpunov
1810 Ave N Apt 4E
Brooklyn, NY 11230



7020 3160 0001 3518 2218

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

7020 3160 0001 3518 2218

USMP3
SDNY

U.S. POSTAGE PAID
FCM LG ENV
BROOKLYN, NY
11229
OCT 06, 21
AMOUNT
**$5.31**
R2304M113878-19

1000        10007

RECEIVED
SDNY PRO SE OFFICE
2021 OCT -8  PM 2:29

S.D.N.Y. Pro Se Unit
500 Pearl Street
New York, NY 10007