UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ARKADIY TERPUNOV,

                                                                   Plaintiff,      **STIPULATION AND**
                                                                                 **PROTECTIVE ORDER**

       -against-
                                                                                            19-cv-11317 (LAP)

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                                              Defendant.
------------------------------------------------------------------- X

        **WHEREAS**, plaintiff Arkadiy Terpunov ("Plaintiff") and Defendant the New York City Health and Hospitals Corporation ("Defendant") (each a "Party", and collectively, "Parties") each seek certain documents and information from which the other Party deems to be confidential ("Confidential Materials"); and

        **WHEREAS**, Each Party would object to the production of such Confidential Materials unless their confidentiality is assured and maintained.

        **IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

        1.     As used herein, "Confidential Materials" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents (in any available reasonable commercial format (i.e., paper or digital or electronically stored information and wherever located) or Testimony contain trade secrets, proprietary business information, sensitive information, including personal private information, medical records, employment records or other information that the disclosure of which would, in the good faith judgment of the party designating the material as confidential, result in an unwarranted invasion of privacy to individuals not parties to this action,, except that such

documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by Plaintiff or Defendant from sources other than the opposing parties' representatives or agents, or (b) are otherwise publicly available.

2. Neither Plaintiff or Defendant nor each of their respective attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of such party's case in this action and/or any appeal thereof.

3. Neither Plaintiff nor Defendant, nor each of their respective attorneys shall disclose the Confidential Materials to any person except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of this case in this action.

   b. Disclosure before trial may be made only to an expert who has been retained or specially employed by either of the respective Parties in anticipation of litigation or preparation for this action, to a witness at deposition, or at the trial of this action, or to the Court, or, the Court's personnel.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff or Defendant shall provide each such person with a copy of this Stipulation and Protective Order. Such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials, except in testimony taken in this case. The signed consent shall be retained by Plaintiff or Defendant and a copy shall be furnished to the other Party's attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

6. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties after meeting and conferring agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

7. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, not constituting attorney-client privileged material and/or attorney work product, shall be destroyed by the receiving party.

8. Nothing in this Stipulation and Protective Order shall be construed to limit either party's use of the Confidential Materials produced by a producing party in the preparation and prosecution of this action in any manner, subject to prevailing evidence rules. Nothing herein

...

shall be construed as to waive any rights and objections either party may have in regards to any Confidential Information herein.

    9.    A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:    New York, New York
          December _1_, 2022

**STAGG WABNIK LAW GROUP LLP**
Attorneys for Plaintiff
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4518
dehrlich@staggwabnik.com
aslutsky@staggwabnik.com

By: _/s/ Amanda Slutsky_
    Amanda Slutsky

**WEISS & WEISS LLC**
Attorneys for Plaintiff
50 Main Street, 10th Floor
White Plains, New York 10606
(203) 254-2707
scott@weissnweiss.com

By: _/s/ Scott A. Weiss_
    Scott A. Weiss

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-176
New York, New York 10007
Tel: (212) 356-2445
nigreen@law.nyc.gov

By: _____
    Nicholas Green
    Assistant Corporation Counsel

**SO ORDERED:**

12/2/2022
Date

_/s/ Loretta A. Preska_
U.S. District Judge

shall be construed as to waive any rights and objections either party may have in regards to any Confidential Information herein.

    9.    A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:    New York, New York
              December___, 2022

**STAGG WABNIK LAW GROUP LLP**
Attorneys for Plaintiff
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4518
dehrlich@staggwabnik.com
aslutsky@staggwabnik.com

By: _____
    Amanda Slutsky

**WEISS & WEISS LLC**
Attorneys for Plaintiff
50 Main Street, 10th Floor
White Plains, New York 10606
(203) 254-2707
scott@weissnweiss.com

By: _____
    Scott A. Weiss

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
    City of New York
Attorney for Defendant
100 Church Street, Room 2-176
New York, New York 10007
Tel: (212) 356-2445
nigreen@law.nyc.gov

By: _/s/ Nick Green_____
    Nicholas Green
    Assistant Corporation Counsel

**SO ORDERED:**

_____        _____
Date                                          U.S. District Judge

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2022 in the action entitled *Arkadiy Terpunov v. New York City Health and Hospitals Corporation* 19-cv-11317 (LAP)  or has been advised of its provisions or contents and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
              Date                                                     Signature

                                                                _____
                                                                            Print Name

                                                                _____
                                                                         Occupation or Title